IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | 1:14-CR-6 |
| JAMIE DARNELL PACELY | ) | |
| Defendant. | ) | |

AMBROSE, United States Senior District Judge

**MEMORANDUM ORDER**

Pending before the Court is Defendant's *pro se* Motion for Imposition of a Reduced Sentence Pursuant to Section 404[1] of the First Step Act. (ECF No. 100). The Government filed a Response in Opposition to Defendant's Motion. (ECF No. 103). After careful consideration and for the reasons set forth below, I find a hearing is not required and that Defendant's Motion (ECF No. 100) is denied.

Section 401 is not retractive to offenders who have already been sentenced. Specifically, Section 401 states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, §401(c). The Third Circuit has recently held that the word "imposed" as used in Section 401 "clearly excludes cases in which a sentencing order has been entered by a district court…." *U.S. v. Aviles,* 938 F.3d 503, 510 (3d Cir. 2019). Since Defendant's sentence has been imposed as of the date of the enactment, Section 401 is not applicable to Defendant's case.

---

[1] The title of Defendant's *pro se* Motion references Section 404 of the First Step Act. (ECF No. 100, p. 1). Nowhere else in Defendant's Motion is Section 404 referenced. The entire argument section of Defendant's Motion refers only to Section 401. (ECF No. 100). Consequently, I deem Defendant's Motion to be a Motion pursuant to Section 401 of the First Step Act and will analyze accordingly.
   Nonetheless, for clarity, I note that Section 404 is plainly inapplicable to Defendant's case as Defendant's offense of conviction was not a crack cocaine offense committed before August 3, 2010.

I further point out that he First Step Act reduced the mandatory minimums that apply when there is an enhancement under 21 U.S.C. § 851. *See* First Step Act, Section 401. In this case, the Government did not file a §851 Information to establish prior conviction as to Defendant. Thus, even if Section 401 was applicable to Defendant's case, Section 401 would not otherwise provide relief to Defendant.

THEREFORE, this 26th day of November 2019, it is ordered that Defendant's Motion (ECF No. 100) is denied.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge